Marvin WILLIAMS, Appellant,

v.

CONROE INDEPENDENT SCHOOL DISTRICT, Doris W. Like, and Stan Lilley, Appellees.

No. 09–90–117 CV.

Court of Appeals of Texas, Beaumont.

May 30, 1991.

956

Robert M. Wood, Kingwood, for appellant.

William S. Helfand, Hirsch, Glover, Robinson & Sheiness, Houston, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of the defendants' motion for summary judgment. Conroe Independent School District ("CISD") employed Marvin Williams as a bus driver. After a white female student accused Williams of soliciting sex from her, CISD suspended Williams with pay for the remainder of the year and did not renew his contract for the following year. Stan Lilley, the assistant coordinator of transportation for CISD, decided not to rehire Williams. Doris W. Like, an assistant superintendent for CISD, officiated at a post-termination hearing held at Williams' request. Lilley was one of the witnesses at that hearing. Williams requested a continuance so his attorney could attend. The hearing was not rescheduled. Williams did not personally appear at the administrative

hearing. Williams then sued CISD, Like and Lilley for wrongful termination, defamation, intentional infliction of emotional suffering, intentional racial discrimination and deprivation of civil rights under color of law.

Williams' sole point of error is the trial court erred in granting the motion for summary judgment. The grounds stated in the motion for summary judgment were: (1) Williams' state court claims were barred by affirmative defenses of sovereign immunity, absolute privilege, qualified privilege, and qualified immunity; (2) the individual defendants were government officials performing discretionary functions and thus immune from Williams' federal claims; (3) Williams failed to allege that his rights as protected by 42 U.S.C.A. § 1983 were violated pursuant to any official governmental policy; and (4) there was no fact issue and no evidence supporting Williams' claim of racial discrimination.

■ Williams initially contends the judgment is based on inadmissible and unverified attachments to the motion for summary judgment. His response to the motion contains objections to an incomplete and unverified transcript of the hearing, to an incomplete and unverified deposition excerpt, to a copy of the original petition with unidentified handwritten notes added thereon, and to a handwritten statement of the student being "hearsay on hearsay." Defects in the form of affidavits or attachments shall not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. TEX.R.CIV.P. 166a(f). Although the objection to the student's statement does not specifically identify what within that statement is "hearsay within hearsay" and is thus not specific enough to reasonably apprise his opponent of the defect, appellant did correctly and specifically identify defects in the hearing transcript and the deposition excerpt. The transcript and excerpt are not certified or attested under oath and are therefore not proper summary judgment evidence.

■ Although some of the attachments to the motion were not proper summary judgment evidence, we cannot reverse the judgment on that ground. Appellant's brief contains the statement "the district court did not rule on Williams' objections to the tender of inadmissible and unverified attachments to the summary judgment motion." In order to preserve a complaint for appellate review, a party must not only present to the trial court a timely objection stating the specific grounds for the ruling he desired the court to make, he must also obtain a ruling on the objection. TEX.R. APP.P. 52(a). Appellant did not obtain a ruling, nor does an objection to the court's failure to rule appear of record; thus no error was preserved even though appellant complied with Rule 166a.

■ The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of a material fact as to one or more of the essential elements of each of Williams' causes of action. The burden of proof is on the movants and all evidence favorable to the non-movant must be taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex. 1985).

■ An independent school district is an agency of the state and, while exercising governmental functions, is not answerable in a suit sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). The waiver of governmental liability provided for in the Texas Tort Claims Act is in the case of school districts restricted to causes of action arising from the use of motor vehicles. TEX.CIV.PRAC. & REM.CODE ANN. § 101.051 (Vernon 1986). A professional employee of any school district shall not be personally liable for any act incident to, or within the scope of, his professional duties which involves the exercise of judgment or discretion, except in circumstances involving the discipline of a student where negligence or use of excessive force results in bodily injury to the student. TEX.EDUC.

CODE ANN. § 21.912 (Vernon 1987). *See also* TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986). Since both the district and the individuals enjoyed immunity, the summary judgment was proper on Williams' state law claims.

■ Williams' federal claims are not barred by sovereign immunity. A school district may be liable pursuant to 42 U.S.C.A. § 1981 for racial discrimination which occurs pursuant to an official policy or standard operating procedure. *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). A person deprived of his constitutionally protected rights by the acts of school officials taken pursuant to custom or policy may maintain an action against the school district under 42 U.S.C.A. § 1983. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982). This rule would logically extend to a state official sued under § 1983. *See Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978).

■ We first examine the movants' summary judgment evidence to determine if they establish a right to judgment as a matter of law. The motion for summary judgment included affidavits from Like, Lilley, and two other CISD employees. Like's affidavit stated that she held the hearing and questioned the student, Lilley, principal Al York, and assistant principal Pat Huff, and that she thought CISD presented sufficient evidence to justify the suspension with pay and subsequent non-rehiring. Affidavits from Lilley, Huff and York detailed the investigation each con-

ducted. The affidavits establish that each official acted in good faith in the furtherance of his or her duties and that Williams' termination was the result of their belief that the accusations were founded. This established a non-racial motivation for the action. The burden then shifted to the non-movant to controvert that testimony or come forward with summary judgment evidence of a custom or policy of racial discrimination or to raise a fact issue that Williams' termination was racially motivated.

■ We next examine the non-movant's summary judgment evidence to determine if it raises an issue of fact. The attachment to the response is defective. Objections to affidavits or attachments must be presented in writing before the hearing in order to entitle the complaining party to a reversal on that ground. TEX.R. CIV.P. 166a(f). This rule does not apply to a defect in an affidavit or attachment which provides a ground for affirmance of the decision of the trial court. Williams' response to the motion for summary judgment bears an attachment which purports to be an affidavit. It does not bear the notary's signature. It does not state that it was made under oath and that the statements therein are within his personal knowledge and true and correct. Rule 166a(f) requires opposing affidavits be made on personal knowledge. We might infer personal knowledge exists with regard to those statements of events which Williams personally experienced. *See Krueger v. Gol,* 787 S.W.2d 138 (Tex.App. —Houston [14th Dist.] 1990, writ denied). However, in the absence of any averment that the statements are made within his personal knowledge and true and correct, the affidavit is defective. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984). Given the defect in the affidavit, those statements which are not inherently of Williams' personal knowledge are not summary judgment evidence. Thus, we cannot consider as summary judgment evidence the following statements:

This was the [sic] apparently what Mr. Stan Lilley considered to be a similar incident to [the student's] accusations. It is not true that I had been accused of a similar incident earlier.... White employees, Vince Bartek and Kenneth Guinn were accused of sexual misconduct with students, but they were not fired.... CISD at first agreed to reschedule my hearing so my attorney could attend, and then decided not to. After CISD refused to grant a continuance.... During the hearing [the student] changed her testimony. Mr. Lilley testified that [the student] denied having a conversation with myself about a summer job. During, the hearing, [the student] admitted that we had discussed a summer job.... Because I was not permitted to attend the hearing with my attorney, [the student's] accusations were unrebutted.... [Willis ISD] wouldn't hire me ... because of the reference Conroe ISD gave. Conroe ISD told Willis ISD about the accusations [the student] made against me.[1]

 Williams' response to the motion for summary judgment, if accepted as summary judgment evidence, contests the truth of the accusation of sexual misconduct and presents an alternate explanation for the events. However, that the accusation may be false is not the material issue. If the statements made within his personal knowledge are taken as true in spite of the substantive defect, he has still failed to controvert the facts established by his opponents' affidavits that the district and its officials acted in good faith, and has not raised a fact issue of racial discrimination. The only recitations from which racial motivation could be inferred, that white employees similarly accused were not fired, is not competent summary judgment proof.

 To maintain his federal civil rights claim, Williams needed to show that he was deprived of a constitutionally protected liberty or property interest. He had no property interest in continued employment beyond the term of his existing contract. *Irby v. Sullivan,* 737 F.2d 1418 (5th

Cir.1984). A liberty interest is implicated where the employee's reputation is at stake due to the stigma imposed by false charges. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548, 558 (1972). The remedy for deprivation of such a liberty interest is a name-clearing hearing before the governing body, and it is not necessary that the hearing occur prior to publication of the stigmatizing charges. *Wells v. Hico Independent School District,* 736 F.2d 243 (5th Cir.1984).

 The movants' summary judgment evidence established that Williams got a name-clearing hearing where he could publicly refute the charges. Williams contends that he was deprived of a *meaningful* hearing because his attorney could not attend. Thus, Williams contends that he was deprived of due process because he was deprived of counsel. The summary judgment evidence presented to the trial court does not raise a factual issue of whether he was deprived of a hearing or of counsel. The statement says that he would have challenged certain statements "had it been possible for me to be present at the hearing with my attorney" but does not establish that the appellees deprived him of that counsel or prevented counsel from attending the hearing. The statement "I was not permitted to attend the hearing with my attorney" are conclusory only. The result would not differ even if we accept the statement that CISD decided not to reschedule the hearing, and that was the reason his attorney did not attend the hearing, because he still has not established that the school district deprived him of due process by failing to accommodate the attorney's schedule.

We hold that the trial court properly entered summary judgment for each of the appellees. The judgment is affirmed.

AFFIRMED.

---

1. The movants' affidavits also lack averment of personal knowledge. The pertinent facts in those affidavits are, like the remaining statements in Williams' response, obviously within the affiant's personal knowledge.