**Ruby Lee DOWNING, individually and as next friend of Teresa Marie Gutierrez, Petitioner**

**v.**

**Lucy BROWN, Neal Logan, Ofelia Herrera, and Lubbock Independent School District, Respondents.**

No. 96–0742.

Supreme Court of Texas.

Dec. 13, 1996.

Dirk Dewolf Johnson, John J. C. O'Shea, Lubbock, for Petitioner.

Ann Manning, Lubbock, for Respondents.

PER CURIAM.

The issue in this case is whether a teacher has immunity under Tex.Educ.Code. § 22.051. Ruby Lee Downing, as next friend of her minor daughter, Teresa Maria Gutierrez, sued Lubbock Independent School District (LISD), one of its teachers, Ofelia Herrera, and other school officials for personal injuries Teresa sustained when another student assaulted Teresa on two separate occasions. The trial court granted all of the defendants' motions for summary judgment based on qualified immunity provided by § 22.051. The court of appeals reversed only the summary judgment for Herrera. 925 S.W.2d 316. We disagree with the court of appeals about Herrera's immunity. Because qualified immunity protects all of the defendants in this case, we affirm the court of appeals in part and reverse the court of appeals in part, and render judgment for Herrera.

In October 1991, Teresa attended elementary school in the LISD as a sixth grade student. Herrera was Teresa's teacher. Another student, Leslie McDade, and some of McDade's friends threatened Teresa. At her mother's instruction, Teresa reported the threats to Herrera. Herrera kept Teresa and one of McDade's friends, Tamasha Green, after class to settle their differences. After the meeting, Herrera felt that the problem had been resolved. Teresa, however, thought that Herrera's actions worsened matters. According to Teresa, Herrera refused her requests to speak to the school's principal about the threats.

Later, McDade threatened Teresa again. Teresa related the events in a daily journal entry to Herrera, who took no action. After school, McDade attacked Teresa. A teacher intervened and took Teresa to the principal. By affidavit, the principal stated that she was not aware of any conflict between the girls before that afternoon. The principal also stated that she observed no signs of major physical injury to Teresa. However, Teresa allegedly spent ten days in the hospital and underwent several surgeries. The principal suspended McDade, Green, and two other girls for three days. Teresa withdrew from school.

Teresa did not return to school until 1993 when she enrolled in an LISD junior high school.[1] Teresa attended this school despite being told that McDade and Green also attended the same school. On the first day of class, Green told Teresa that "she would not get out of the hospital this time." Teresa informed the school counselor and the assistant principal. They instructed Teresa's teachers to watch for any problems. Two days later, someone pushed Teresa into a stairwell wall. This aggravated her previous injuries. Teresa could not determine who pushed her, but McDade and Green were present. Teresa reported the incident to the school's principal. The principal ordered an investigation into the incident. All the students Teresa identified as being involved in the incident denied it. Soon after, Teresa withdrew from the school. Later, Teresa's mother, Downing, sued Herrera, LISD and others to recover for Teresa's injuries and alleged constitutional violations.

The LISD Discipline Management Plan provides that teachers have the responsibility to: "Develop and maintain a Discipline Management Plan for their classrooms and to make all students aware of the plan, posting the rules." The court of appeals held that this provision obligated LISD teachers to

---

1. Herrera was not a teacher at this school.

create and post such a plan. Herrera did not post a classroom discipline plan. These requirements, according to the court of appeals, are ministerial. Accordingly, because Herrera did not create or post a classroom discipline plan, the court of appeals held that she did not have immunity.

The Texas Education Code provides:

A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

Tex.Educ.Code § 22.051(a). Here, Downing does not dispute that Herrera is a professional employee and that her acts were in the scope of her duties as a school district employee. Therefore, the only issue is whether Herrera's actions were ministerial or "required the exercise of judgment or discretion." We hold that maintaining classroom discipline requires the exercise of judgment or discretion. Therefore, Herrera has immunity in this case.

■ Ministerial acts are those "[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994). Ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice. *Chambers*, 883 S.W.2d at 654. On the other hand, if an action involves personal deliberation, decision and judgment, it is discretionary. *Chambers*, 883 S.W.2d at 654.

■ In our view, maintaining classroom discipline involves personal deliberation, decision and judgment. Moreover, LISD's policy does not define teachers' responsibilities with such precision to leave nothing to the exercise of a teacher's judgment or discretion. To the contrary, the plan gave Herrera no guidelines about: (1) the contents and substance of the discipline management plan she was to develop and maintain for her class-

room, (2) what types of disciplinary techniques to use, (3) what forms of student misconduct should result in disciplinary sanctions, (4) when or where to discipline her students, (5) which students should be referred to the principal's office for discipline, (6) how to develop such a discipline management plan for her classroom, or (7) how to maintain such a plan. Each of these decisions, which Texas schools routinely leave to its teachers, require the use of professional judgment and discretion. *See, e.g.,* Tex. Educ.Code § 37.002; *see also Burton v. Kirby*, 775 S.W.2d 834, 836 (Tex.App.—Austin 1989, no writ).

The court of appeals' analysis of whether Herrera's actions required discretion or judgment was too narrow. The court of appeals focused solely on whether Herrera created and posted a written classroom discipline plan. However, the focus should remain on whether maintaining classroom discipline is a discretionary function. *See Chambers*, 883 S.W.2d at 653. To separate the actions of creating and posting a classroom discipline plan from the broad responsibility of maintaining classroom discipline undermines the effect of the qualified immunity the Legislature meant for § 22.051 to provide.

Accordingly, without hearing oral argument, the Court grants Herrera's application for writ of error and denies Downing's application for writ of error. Tex. R.App. P. 170. We reverse the court of appeals in part and render judgment for Herrera.