William L. FOSTER and Linda A. Foster, Individually and as next friends of William Foster, Jr., a minor, Appellants,

v.

Noel ESTRADA and Joe A Gonzalez, Appellees.

No. 04–97–00867–CV.

Court of Appeals of Texas, San Antonio.

May 6, 1998.

Joe W. Meyer, Meyer, Knight & Williams, L.L.P., Houston, for Appellants.

Timothy B. Poteet, Lea & Chamberlain, Austin, for Appellees.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal originated from a personal injury lawsuit filed by William and Linda Foster to recover damages for injuries sustained by their son, William Foster, Jr. William, Jr. was injured when he climbed up the wall in his school's gymnasium to retrieve a tennis ball that was stuck between the wall and a metal rail. In attempting to retrieve the ball, William, Jr. fell and was injured. To recover damages resulting from their son's injuries, the Fosters sued the school's principal, Noel Estrada, and the school's coach, Joe A. Gonzalez.

Estrada and Gonzalez moved for summary judgment in response to the Fosters' lawsuit. In their motion for summary judgment, Estrada and Gonzalez asserted the affirmative defense provided in section 22.051 of the Texas Education Code. To support their interpretation of section 22.051, Estrada and Gonzalez relied on *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978), an opinion in which the Supreme Court of Texas interpreted the predecessor to section 22.051—section 21.912. In response, the trial court granted summary judgment in favor of Estrada and Gonzalez.

On appeal, the Fosters raise three issues to challenge the trial court's order granting summary judgment in favor of Estrada and Gonzalez: (1) the trial court erred in concluding that defendants' omissions were discretionary as a matter of law and thus summary judgment was improper; (2) because the defendants' summary judgment evidence was conclusory and therefore insufficient as a matter of law, the trial court erred in granting the summary judgment; and (3) because defendants' summary judgment evidence was not readily controvertible and therefore insufficient as a matter of law, the trial court erred in granting the summary judgment. Based on these errors, the Fosters ask us to reverse the summary judgment.

### Standard of Review

The party presenting the motion for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue exists, thereby excluding summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *See Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984). All reasonable inferences from the evidence will be weighed in favor of the non-movant, and any doubts will be resolved in the non-movant's favor. *See Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

A motion for summary judgment must expressly present the grounds upon which it is made. *See McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex. 1993). In the instant case, Estrada and Gonzalez moved for summary judgment on the grounds of an affirmative defense. When a defendant moves for summary judgment based on an affirmative defense, the defendant must prove conclusively all elements of the affirmative defense as a matter of law, such that there is no issue of material fact to be resolved by the trier of fact. *See Montgomery,* 669 S.W.2d at 310–11.

### The Affirmative Defense Provided in the Education Code

In their motion for summary judgment, Estrada and Gonzalez relied on section 22.051 of the Education Code. Section 22.051 provides:

A professional employee [1] of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise

---

1. A "professional employee" includes:
    (1) a superintendent, principal, teacher, supervisor, social worker, counselor, nurse, and teacher's aide; . . . .

(4) any other person whose employment requires certification and the exercise of discretion.

TEX. EDUC.CODE ANN. § 22.051 (Vernon 1996).

of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC.CODE ANN. § 22.051 (Vernon 1996). This section then establishes an affirmative defense for professional school employees.

■ The Supreme Court of Texas determined the circumstances to which this defense applies in *Barr v. Bernhard.* In *Barr*, the Supreme Court interpreted the predecessor to section 22.051—section 21.912. In addressing an ambiguity in the language of section 21.912, the Court held that section 21.912 meant that a professional school employee is not personally liable

> for acts done within the scope of employment, and which involve the exercise of judgment or discretion, except in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student.

*Barr*, 562 S.W.2d at 849. The Supreme Court later adopted this interpretation for section 22.051. *See Hopkins v. Spring Independent School District*, 736 S.W.2d 617 (Tex.1987). Under this interpretation, the defendant-employees must prove the following elements to establish an affirmative defense under section 22.051:

(1) they were professional employees of the applicable school district at the relevant time;

(2) their actions, if any, were incident to or within the scope of their duties at the relevant time;

(3) their duties involve the exercise of judgment or discretion; and

(4) they did not use excessive force in the discipline of the student.

On appeal, the Fosters argue that the defendants did not conclusively establish these elements. Specifically, the Fosters challenge the defendants' evidence as it relates to the third element. Thus, we must examine the summary judgment evidence to determine if Estrada and Gonzalez conclusively proved that "their duties involve[d] the exercise of judgment or discretion." TEX. EDUC.CODE ANN. § 22.051 (Vernon 1996).

### Evidence Supporting the Defense

■ To support their defense under section 22.051, Estrada and Gonzalez submitted affidavits in which each asserted that he was a professional employee of the Alice School District, that he had acted within the scope of his employment, that his actions involved the exercise of judgment and discretion, and that he did not use excessive force to discipline William, Jr. These affidavits were the only evidence that Estrada and Gonzalez presented to support their motion. In their first issue, the Fosters contend that this evidence was insufficient to prove that the defendants' omissions were discretionary as a matter of law. Specifically, the Fosters argue that the affidavits do not prove that defendants' omissions—failing to prevent William, Jr. from entering the gymnasium—involved the exercise of judgment and discretion. We agree.

In the affidavits, Estrada and Gonzalez each stated that "my actions involved the exercise of judgment and discretion on my part." By making this statement, the affiants merely asserted a legal conclusion. The affidavits do not demonstrate how or why the disputed omission is legally characterized as involving the exercise of judgment or discretion. Instead, the statements are selfserving assertions. Because each statement merely states a legal conclusion, the affidavits are insufficient to support summary judgment as a matter of law.[2] As a result, Estrada and

**2.** *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991) (reversing because trial court granted summary judgment based on affidavit in which defendant merely denied negligence or malpractice); *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984) (determining that affiant's assertion that disputed indebtedness had been renewed and extended was insufficient to establish existence of a fact in support of motion for summary judgment); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984) (reversing in part because, in establishing his affirmative defense, defendant's affidavit asserted a legal conclusion that his contractural obligation to pay child support and alimony had been modified); *Davis v. City of Palestine*, No.12–95–00180–CV, 1997 WL 530747 (Tex.App.—Tyler Aug. 27, 1997, no writ), at *5–6 (reversing summary judgment because

Gonzalez failed to met their burden in establishing a defense under section 22.051.

■ Even if the affidavits were sufficient to prove an affirmative defense, the evidence submitted by the Fosters raised a fact question about an essential element of the affirmative defense. In response to the motion for summary judgment, the Fosters submitted an excerpt from the Williams Adams Junior High School Faculty Handbook. This excerpt described "Morning Duty for Teachers" for the time period "7:30 a.m. to 7:50 a.m." and used a map to assign responsibilities to teachers for "ensur[ing] a safe and orderly environment." The map designated the gymnasium as Area # 1. The description for Area # 1, reads: "Direct students toward campus and do not allow students to walk to Bryson's and/or leave campus." The main school building was designated as Area # 7. The description for Area # 7 reads: "Allow only those students that are in for tutoring inside the building." The Fosters relied on this evidence to contend that faculty members were under a mandate to "prevent students from entering school building(s) until 7:50 a.m." and that this act was ministerial in nature. As a result, the Fosters argued, failing to prevent William, Jr. from entering the gym—the omission in dispute—did not involve the exercise of judgment or discretion. Although this evidence does not conclusively establish that the omission in dispute was ministerial in nature, it does raise a fact question about whether the omission was properly characterized as involving judgment and discretion. As a result, we sustain the Fosters' first issue.

Because our disposition of the first issue controls our disposition of this appeal, we will not specifically address the Fosters' remaining issues. We reverse the trial court's order granting summary judgment in favor of Estrada and Gonzalez, and remand the case for further proceedings in accordance with this opinion.

Dissenting opinion by GREEN, J.

GREEN, Justice, dissenting.

The majority holds that a public school principal and teacher are not entitled to school employee immunity because they failed to prove that their acts were not ministerial but instead involved the exercise of judgment or discretion. Because the summary judgment evidence establishes that the acts of the principal and teacher were discretionary as a matter of law, they were entitled to summary judgment. Accordingly, I respectfully dissent.

*Factual Summary*

William and Linda Foster ("the Fosters") sued their son's school principal, Noel Estrada, and teacher, Joe A. Gonzalez, for injuries sustained by their son, William, Jr., while playing in the school gymnasium in the morning before class. The Fosters alleged Estrada and Gonzalez were guilty of numerous acts of negligence, including failure to properly supervise, failure to warn of or eliminate known hazards, failure to provide medical care, and failure to provide proper training in the use of the gymnasium. Estrada and Gonzalez moved for summary judgment on their affirmative defense of school employee immunity. Each filed an affidavit in support of their motion which included evidence that they were professional employees of the school, that they were acting within the scope of their duties at the time of the incident, and that their actions involved the exercise of discretion and judgment. The Fosters' summary judgment response focused on the issue of

---

affiant's assertion that the defendants had carried out their duties in good faith and in conjunction with other city officials in determining how the needs of the city could be met did not establish the defendants' entitlement to official immunity); *Gallegos v. Escalon*, 918 S.W.2d 62, 64 (Tex.App.—Corpus Christi 1996, no writ) (reversing because former school superintendent's affidavit asserting that providing information to members of the board of trustees in response to questions was part of his duties did not conclu-

sively prove that his statements were made within the scope of his employment); *Newman v. Obersteller*, 915 S.W.2d 198, 201–02 (Tex.App.—Corpus Christi 1996, writ granted) (determining that school superintendent's affidavit stating that school coach was given wide latitude in performing his job contained legal conclusions and was insufficient to establish affirmative defense provided in Education Code), *rev'd on other grounds*, 960 S.W.2d 621 (1997).

whether Estrada and Gonzalez' duties were discretionary or ministerial in nature, and included a copy of the school faculty handbook.

### Discussion

The Texas Education Code provides a broad grant of immunity from personal liability to professional school employees for acts done within the scope of employment involving the exercise of judgment or discretion. *See* TEX. EDUC.CODE ANN. § 22.051 (Vernon 1996); *Downing v. Brown,* 935 S.W.2d 112, 114 (Tex.1996). The Fosters do not dispute that Estrada and Gonzalez were professional school employees acting within the scope of their employment. Therefore, the only issue before us is whether Estrada and Gonzalez' actions were ministerial or whether they required the exercise of judgment or discretion.

"Ministerial acts are those '[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' Ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice. On the other hand, if an action involves personal deliberation, decision and judgment, it is discretionary." *Downing,* 935 S.W.2d at 114 (citation omitted).

The Fosters point to the faculty handbook as evidence of the ministerial nature of Estrada and Gonzalez' duties. However, the face of the document belies that contention. Most every aspect of the responsibilities described therein involves personal deliberation, decision and judgment and is discretionary by definition. The page purported to include the ministerial duties is reproduced below in its entirety.

### Morning Duty for Teachers

Throughout the school year, teachers will be assigned morning duty. Please note the description of the duty station below and the duty map that follows on the next page.

**Duty Responsibilities**

Duty time is from 7:30 a.m. to 7:50 a.m. We should take steps to ensure a safe and orderly environment. Keen awareness of what is happening around you and reporting to your duty station in a timely manner will help. Your number designates the area you should stand.

Area # 1—Shaded area includes the gym parking lot and east area of the gym. Direct students toward campus and do not allow students to walk to Bryson's and/or leave campus.

Area # 2—Shaded area includes the band/teacher parking lot. Direct students toward campus. Report unsafe driving.

Area # 3—Shaded area includes south of gym. Direct students toward campus.

Area # 4—Shaded area includes the patio area. Monitor student behavior. Report unsafe behavior. Direct students to class when bell rings.

Area # 5—Shaded area includes breezeways. Monitor student behavior. Report unsafe conditions. Direct students to class when bell rings.

Area # 6—Shaded area includes parking lot. Direct students to campus. There should be no students congregating in and around the parking lot. Report unsafe driving.

Area # 7—Shaded area includes inside main building, main building entrance by main office. Allow only those students that are in for tutoring inside the building. Notice will be given on bad weather days.

Area # 8—Shaded area includes bus stop. Students are not allowed inside the building until 7:50 a.m. Allow only those students in for tutoring inside the building. Monitor bus unloading. Report unsafe behavior/conditions. Direct students to class when bell rings.

Area # 9—Shaded area includes main entrance by flag pole. Direct students toward campus away from sidewalk. Monitor behavior, report unsafe driving/conditions. Direct students to class when bell rings.

By virtue of the language used, it is clear that these "duties" were designed to give teachers a great deal of latitude in carrying

them out. For example, in the first paragraph under "Duty Responsibilities," it is only suggested that teachers "*should* take steps to ensure a safe and orderly environment." Further, in several places teachers are specifically given discretion to allow students into the building early for tutoring. But perhaps most important so far as this case is concerned, nowhere in this list of duties are teachers directed not to allow students into the gym before class begins. And nowhere in the list are teachers required to supervise the students, or to warn them of hazards, or to provide medical care to them, or to receive training in the use of the gymnasium. These are the "ministerial duties" the Fosters claim that Estrada and Gonzalez breached, causing injury to their son. Yet none of the alleged duties are required by the faculty handbook to be performed by the teachers for, as previously noted, ministerial acts are those "[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." The faculty handbook falls far short of the standard.

### Conclusion

Estrada and Gonzalez were entitled to summary judgment on their immunity defense because the summary judgment record establishes as a matter of law that they were exercising discretionary duties at the time of the accident causing William Foster, Jr.'s injuries. Because the majority disagrees with this holding, I respectfully dissent.