Lauren Yvonne **GONZALEZ, Robby Collins, Robert Hinkle, Jon Dahlander, and Robert Payton, Appellants,**

v.

Shirley **ISON–NEWSOME, Appellee.**

No. 05–97–01760–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 1999.

Publication Ordered Dec. 13, 2001.

John Andrew Martin, Lyndon F. Bittle, Carrington Coleman Sloman & Blumenthal,L.L.P., Dallas, for Appellant.

William A. Brewer, III, Marsha L. Foulks, Scott S. Hershman, Bickel & Brewer Storefront P.L.L.C., Dallas, for Appellee.

Before: Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

MORRIS, Justice.

In this interlocutory appeal, Dallas Independent School District administrators Lauren Yvonne Gonzalez, Robby Collins, Robert Hinkle, Jon Dahlander, and Robert Payton seek to reverse the trial court's order denying their motion for summary judgment based on the immunity afforded professional school employees under the Texas Education Code.[1] See Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.1999). We must decide whether appellants established their affirmative defense of immunity as a matter of law. Because we conclude appellants failed to establish conclusively that they were acting within the scope of the duties of their positions with the Dallas Independent School District when they performed the acts forming the basis of appellee Shirley Ison–Newsome's lawsuit, we affirm the trial court's order.

### I.

The parties' dispute arose out of a controversy surrounding the authorization and construction of two bathrooms as part of a renovation project for the superintendent's office to be occupied by Ison–Newsome. Ison–Newsome filed this lawsuit after appellants allegedly conspired to slander her by publishing untrue statements to the press that she "committed serious errors in judgment, was involved in wrong doing and was subject to disciplinary action for her role in the bathroom construction." Ison–Newsome claimed the bathroom controversy was used to gain support for Gonzalez's decision to demote Ison–Newsome from a district superintendent to high school principal and to direct media attention away from Gonzalez's own office renovations.

Ison–Newsome sued appellants asserting causes of action for slander, slander per se, civil conspiracy, and intentional infliction of emotional distress. Appellants moved for summary judgment solely on the immunity provided by section 22.051 of the Texas Education Code. The trial court denied appellants' summary judgment motion. This interlocutory appeal followed.

### II.

The immunity claimed by appellants is an affirmative defense. To be entitled to summary judgment based on section 22.051 of Texas Education Code, appellants must prove conclusively all elements of that affirmative defense. See Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). Section 22.051 provides:

A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee, uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

1. This appeal was stayed pursuant to the automatic stay provisions of the bankruptcy code after Lauren Yvonne Gonzalez filed for bankruptcy on December 5, 1997. On March 24, 1998 Shirley Ison–Newsome filed a notice of nonsuit without prejudice against Gonzalez with the trial court. Gonzalez was later discharged from bankruptcy, and this appeal was reinstated.

TEX.EDUC.CODE ANN. § 22.051(a) (Vernon 1996). The supreme court has construed the predecessor to this immunity provision to mean that "a professional school employee is not personally liable for acts done within the scope of employment, and which involve the exercise of judgment or discretion, except in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student." *Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex.1978).[2] This statutory construction was reaffirmed in *Hopkins v. Spring Indep. School District,* 736 S.W.2d 617, 619 (Tex.1987). Under the holdings of *Barr* and *Hopkins,* therefore, appellants had to conclusively prove: (1) they were professional school employees, (2) acting incident to or within the scope of their duties, (3) the complained-of action involved the exercise of judgment or discretion on their part, and (4) did not involve the discipline of a student. The focus of our decision in this appeal involves the second element above.

Appellants contend the trial court erred in denying their motion for summary judgment because the summary judgment evidence conclusively established the allegedly wrongful acts were committed while appellants were discharging duties generally assigned to them. Specifically, appellants argue that because they were authorized to conduct investigations, participate in meetings with other district personnel and talk to the press about DISD matters, they are immune from liability for any wrongful act, intentional or otherwise, committed while performing these duties. Appellants, in effect, argue the education code creates absolute immunity for any

discretionary act a professional school employee performs so long as it is committed while discharging a duty generally assigned to him, irrespective of the official's motive or intent in carrying out that duty. Ison–Newsome, on the other hand, asserts that intentionally wrongful conduct, such as slander, civil conspiracy, or the intentional infliction of emotional distress, is not within the scope of appellants' duties as a matter of law and, therefore, the trial court did not err in denying appellants' summary judgment. Because of our analysis below, we do not reach the issue of whether the education code provides absolute immunity for *any* act of a school district professional employee.

The education code provides little guidance for determining what acts are incident to or within the scope of a professional school employee's duties. Likewise, few cases have analyzed this particular element of the education code immunity. The scope of employment analysis commonly used in cases involving agency law, however, is instructive.

In this case, Ison–Newsome's claims relate to alleged intentional torts. Under well established agency law, the question of whether an intentional tort was within an employee's scope of employment can be determined by applying a *respondeat superior* analysis. *See Houston Transit Co. v. Felder,* 146 Tex. 428, 208 S.W.2d 880, 881 (1948). Under this analysis, an employee acts within his scope of employment if he acts within his general authority, in furtherance of the employer's business, and to accomplish an objective for which the employee was employed. *Mackey v. U.P. Enterprises, Inc.,* 935 S.W.2d 446, 453 (Tex.App.—Tyler 1996, no writ).

---

**2.** In *Barr,* the supreme court construed former section 21.912(b) of the Texas Education Code, the predecessor to section 22.051(a). Section 21.912(b) was recodified as section 22.051(a) in 1995. The recodification made no substantive changes to the immunity provision.

We apply this analysis to the summary judgment record presented here.

 To support their motion for summary judgment, each appellant submitted an affidavit identifying their professional position with DISD and describing their involvement in the bathroom construction controversy. Appellants later supplemented their summary judgment evidence with an affidavit from DISD Board Secretary Robert L. Johnston. Johnston confirmed the DISD positions held by Collins, Payton, Hinkle, and Dahlander; he also attached to his affidavit the official position description for each of these positions. Johnston also noted these four appellants' previous contact with the press and indicated that virtually all DISD administrators have to speak to the press from time to time as part of their jobs. Johnston also attached to his affidavit a copy of DISD's Public Information Policy, which encourages all employees to be involved in DISD's total public relations procedures and maintain as many public relations contacts as possible. The appellants' affidavits and Johnston's affidavit comprised the entirety of appellants' summary judgment evidence.

 Based on the record before us, we conclude that appellants' summary judgment evidence was insufficient to establish as a matter of law that the complained-of acts were incident to or within the scope of their employment as DISD administrators. Appellants offered only conclusory statements that their actions and statements to the press about the bathroom construction controversy were in the best interest of the DISD. Moreover, their statements are merely legal conclusions. Otherwise, the record is devoid of any evidence that their acts were in furtherance of DISD's business and accomplished an objective for which the appellants were employed. Legal conclusions alone are insufficient to support summary judgment as a matter of law. *See Newman v. Obersteller*, 915 S.W.2d 198, 201–02 (Tex.App.—Corpus Christi 1996) *rev'd on other grounds*, 960 S.W.2d 621 (1997).

Even assuming that appellants' general duties included investigating, holding meetings and speaking to the press, there is nothing in the record to support their contention their acts in connection with the bathroom construction controversy furthered DISD business or were directed to accomplish an objective for which they were employed. Without such evidence, their motion for summary judgment must fail as a matter of law. We affirm, therefore, the trial court's order denying appellants' motion for summary judgment.