Lourdes ROSENCRANS, Appellant,

v.

Stanley ALTSCHULER, Appellee.

No. 11–03–00059–CV.

Court of Appeals of Texas, Eastland.

Feb. 26, 2004.

Eric Sines, Attorney At Law, Patrick Wright, Law Office of Patrick Wright, P.C., Dallas, for appellant.

Bruce Flowers, Guida, Slavich & Flores, Lynn Rossi Scott, Bracewell & Patterson, Dallas for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Lourdes Rosencrans filed suit against Stanley Altschuler and Altschuler's employer, Texans Can! Altschuler filed a special exception asserting that he was immune from liability on Rosencrans's claims. The trial court entered an order granting Altschuler's special exception and dismissing him as a defendant in the case. Later, the trial court severed Rosencrans's claims against Altschuler from the remainder of the case. Rosencrans appeals from the trial court's order granting Altschuler's special exception. We affirm.

*Background Facts*

In 1995, the Texas Legislature created a new type of public school: the open-enrollment charter school. TEX. EDUC. CODE ANN. §§ 12.101 & 12.105 (Vernon Supp.2004). Section 12.101 of the Education Code provided that the State Board of Education could grant a charter for the operation of an open-enrollment charter school on the application of an "eligible entity." The term "eligible entity" includ-ed organizations exempt from taxation under 26 U.S.C. § 501(c)(3) (2003). Texans Can!, a Section 501(c)(3) entity, applied for and received charters to operate charter schools in Dallas, Fort Worth, Houston, Austin, and San Antonio. Texans Can! operates charter schools in those cities, including the Dallas Can! Academy in the City of Dallas.

Rosencrans and Altschuler were both employees of Texans Can!, and both had offices at the Dallas Can! Academy. Rosencrans was the director of human resources, and Altschuler was her supervisor. In her petition, Rosencrans alleged that Altschuler was the second-ranking executive of Texans Can! Rosencrans alleged claims of assault and intentional infliction of emotional distress against Altschuler. Rosencrans claimed that Altschuler assaulted her in May or June 2001 at a high level meeting between executives of Texans Can! and representatives of outside health insurers who were seeking the contract for Texans Can! employees' health care needs. Rosencrans alleged that, when she started to speak at the meeting, Altschuler swung his hand at her in a violent slapping motion but pulled back the slap before striking her in the face. Rosencrans further alleged that Altschuler covered her mouth with his hand and told her that he did not want her to talk but wanted someone else to talk. Rosencrans also alleged that Texans Can! was liable for Altschuler's acts under respondeat superior and agency theories.

Altschuler specially excepted to Rosencrans's petition, asserting that, as an employee of an open-enrollment charter school, he was immune from liability for Rosencrans's claims under TEX. EDUC. CODE ANN. § 12.1056 (Vernon Supp. 2004). Rosencrans did not amend her claims in response to the special exception. After a hearing, the trial court granted

Altschuler's special exception, struck Rosencrans's claims against Altschuler, and entered an order dismissing Altschuler as a defendant. Rosencrans did not move the trial court for time to amend her petition nor does she complain on appeal that the trial court erred in failing to give her time to amend her petition.

### Issue Presented

In her sole point of error, Rosencrans argues that the trial court erred in granting Altschuler's special exception based on immunity for professional employees of school districts and charter schools. Specifically, Rosencrans asserts that Altschuler is not immune from liability for the following reasons: (1) that Altschuler's employer, Texans Can!, is not a school district or a charter school and, therefore, Section 12.1056 does not apply and (2) that Altschuler's acts were not incident to or within the scope of his duties and did not involve the exercise of judgment or discretion.

### Standard of Review

When special exceptions are sustained, the pleader may either amend the petition or refuse to amend and challenge the ruling on appeal. *The Butler Weldments Corporation v. Liberty Mutual Insurance Company*, 3 S.W.3d 654, 658 (Tex.App.-Austin 1999, no pet'n); *Detenbeck v. Koester*, 886 S.W.2d 477, 479 (Tex.App.-Houston [1st Dist.] 1994, no writ). When a trial court grants special exceptions for failure to state a cause of action, we review that issue of law using a de novo standard of review. *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 497 (Tex.App.-Fort Worth 2001, pet'n den'd); *The Butler Weldments Corporation v. Liberty Mutual Insurance Company, supra*. We also must accept as true all material factual allegations and all factual statements reasonably inferred

from the allegations set forth in the respondent's pleadings. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex.1994). If a pleading does not state a cause of action, the trial court does not err in dismissing the case. *The Butler Weldments Corporation v. Liberty Mutual Insurance Company, supra*.

### Immunity

In his special exception, Altschuler asserted that he was immune from liability under Section 12.1056. Section 12.1056 provides as follows:

> In matters related to operation of an open-enrollment charter school, an open-enrollment charter school is immune from liability to the same extent as a school district, and its employees and volunteers are immune from liability to the same extent as school district employees and volunteers. A member of the governing body of an open-enrollment charter school or of a charter holder is immune from liability to the same extent as a school district trustee.

Rosencrans argues that Section 12.1056 provides immunity for employees of "charter schools" but not for employees of "charter holders." Therefore, Rosencrans asserts that Altschuler is not immune from liability for her claims because he was an employee of the "charter holder," Texans Can!, and not an employee of the "charter school," the Dallas Can! Academy. In her petition, Rosencrans alleged that Altschuler was an employee of Texans Can! and that his place of employment was the Dallas Can! Academy.

The clear intent of Section 12.1056 is to provide immunity "[i]n matters related to the operation of an open-enrollment charter school" to the same extent that immunity is afforded to school district employees and volunteers under TEX. EDUC. CODE ANN. § 22.0511 (Vernon Supp.

2004).[1] Thus, a charter school employee who performs duties that are the same or similar to the duties performed by a traditional public school employee should be immune from liability to the extent that the traditional public school employee is immune from liability. Employees working "[i]n matters related to operation of [the] charter school" should receive this immunity, whether they receive their paycheck from the charter school or the charter holder operating the school. Otherwise, employees of charter holders performing the same duties as employees of charter schools and employees of school districts would not be immune from liability for their acts under circumstances in which the employees of charter schools and the employees of school districts would be immune from liability for the same acts. Given the intent of Section 12.1056, we find that it covers employees of charter holders operating open-enrollment charter schools where those employees are engaged in "matters related to the operation of an open-enrollment charter school."

The first issue under Section 12.1056 is whether Altschuler's alleged acts occurred "[i]n matters related to operation of an open-enrollment charter school." The alleged assault occurred at a meeting between executives of Texans Can! and representatives of outside health insurers who were seeking the contract for Texans Can! employees' health care needs. The subject matter of the meeting—health insurance for Texans Can! employees—was a matter related to the operation of open-enrollment charter schools, including the Dallas Can! Academy. Rosencrans does not assert

that the matter was not related to the operation of a charter school.

Therefore, under Section 12.1056, Altschuler is entitled to immunity "to the same extent as school district employees." Section 22.0511(a) provides that:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

Thus, an employee is immune from liability for acts under Section 22.0511(a) if: (1) the employee is a professional employee of a school district; (2) the act was incident to or within the scope of the employee's duties; (3) the act involved the exercise of judgment or discretion on the part of the employee; and (4) the act was not the use of excessive force in the discipline of students nor of negligence resulting in bodily injury to students. *See Foster v. Estrada,* 974 S.W.2d 751, 753 (Tex.App.-San Antonio 1998, pet'n den'd). The fourth element is not in issue in this case. Section 22.0511 immunity applies to intentional tort claims, such as those alleged by Rosencrans against Altschuler. *Davis v. Education Service Center,* 62 S.W.3d 890, 897 (Tex. App.-Texarkana 2001, no pet'n) (intentional infliction of emotional distress claim); *Williams v. Conroe Independent School District,* 809 S.W.2d 954, 957 (Tex.App.-Beaumont 1991, no pet'n)(wrongful termination, defamation, and intentional infliction of emotional distress claims).[2]

---

1. Section 22.0511 was renumbered from Section 22.051 and amended in 2003.

2. The Texas Supreme Court has not addressed the issue whether Section 22.0511

immunity applies to intentional tort claims. The Supreme Court in *Collins v. Ison–Newsome,* 73 S.W.3d 178 (Tex.2001), determined that it did not have conflicting jurisdiction over an interlocutory appeal involving the is-

The term "professional employee of a school district" includes "a superintendent, principal, teacher, including a substitute teacher, supervisor, social worker, counselor, nurse, and teacher's aide employed by a school district." TEX. EDUC. CODE ANN. § 22.051 (Vernon Supp.2004). In her petition, Rosencrans alleged that Altschuler was her supervisor. As a supervisor, Rosencrans falls within the definition of a "professional employee" under Section 22.051. *See Davis v. Education Service Center, supra* at 896 (A "supervisor" at an Education Service Center falls within the definition of "professional employee" under Section 22.051).

Altschuler is immune from Rosencrans's claims if the acts complained of by Rosencrans were "incident to or within the scope of duties of [Altschuler's] position" and "involve[d] the exercise of judgment or discretion on the part of [Altschuler]." Section 22.0511. The meeting about insurance was within the scope of Altschuler's duties; the issue is whether the alleged assault was incident to or within the scope of his duties. Rosencrans alleges that Texans Can! is liable for Altschuler's acts "by agency and respondeat superior principles." Texans Can! could be liable to Rosencrans under a respondeat superior theory only if Altschuler committed an intentional tort in the course and scope of his employment. *See Gonzalez v. Ison–Newsome,* 68 S.W.3d 2 (Tex.App.-Dallas 1999), *pet'n dism'd,* 73 S.W.3d 178 (Tex.2001)(citing *Houston Transit Co. v. Felder,* 146 Tex. 428, 208 S.W.2d 880, 881 (1948)). An employee acts within the scope of employment if he acts within his general authority, in furtherance of the employer's business, and to accomplish an objective for which the employee was employed. *Gonzalez v. Ison–Newsome, supra* (citing *Mackey v. U.P. Enterprises,*

sue of scope of immunity under Section

*Inc.,* 935 S.W.2d 446, 453 (Tex.App.-Tyler 1996, no writ)). Thus, by alleging agency and respondeat superior theories, Rosencrans acknowledged that Altschuler's alleged acts were within the scope of his duties.

In *Downing v. Brown,* 935 S.W.2d 112, 114 (Tex.1996), the court decided whether the acts of a school teacher were ministerial or "required the exercise of judgment or discretion." The court held that maintaining discipline in the classroom required the "exercise of judgment or discretion," and that, therefore, the teacher was immune from liability. *Downing v. Brown, supra.* The court explained that an act is ministerial "[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Downing v. Brown, supra* at 114 (quoting *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex.1994)). Ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice. *Downing v. Brown, supra.* On the other hand, if an action involves personal deliberation, decision, and judgment, it is discretionary. *Downing v. Brown, supra.* In her petition, Rosencrans complained of acts that took place at the meeting with insurance company representatives. Rosencrans alleged that Altschuler assaulted her by covering her mouth with his hand and that Altschuler "told her he did not want her to talk, but wanted someone else to talk." Altschuler's alleged acts involved "personal deliberation, decision, and judgment." Therefore, the acts involved the exercise of discretion or judgment.

Altschuler is immune from Rosencrans's claims under Section 12.1056. The trial court did not err in granting Altschuler's

22.051 (now Section 22.0511).

special exception and dismissing Rosencrans's claims against him. Rosencrans's point of error is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.