11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 



Lourdes Rosencrans 

Appellant

Vs.      
            No. 11-03-00059-CV B Appeal from Dallas County

Stanley
Altschuler         

Appellee

 

Lourdes Rosencrans filed suit against Stanley
Altschuler and Altschuler=s
employer, Texans Can!  Altschuler filed a
special exception asserting that he was immune from liability on Rosencrans=s claims.  The trial court entered an order granting
Altschuler=s special
exception and dismissing him as a defendant in the case.  Later, the trial court severed Rosencrans=s claims against Altschuler from the
remainder of the case.  Rosencrans
appeals from the trial court=s
order granting Altschuler=s
special exception.  We affirm.           

                                                                Background
Facts

In 1995, the Texas Legislature created a new type
of public school:  the open-enrollment
charter school.  TEX. EDUC. CODE ANN. '' 12.101 & 12.105 (Vernon
Supp. 2004).  Section 12.101 of the
Education Code provided that the State Board of Education could grant a charter
for the operation of an open-enrollment charter school on the application of an
Aeligible entity.@  The term Aeligible
entity@ included
organizations exempt from taxation under 26 U.S.C. '
501(c)(3) (2003).  Texans Can!, a Section
501(c)(3) entity, applied for and received charters to operate charter schools
in Dallas, Fort Worth, Houston, Austin, and San Antonio.  Texans Can! operates charter schools in those
cities, including the Dallas Can! Academy in the City of Dallas.  








Rosencrans and Altschuler were both employees of
Texans Can!, and both had offices at the Dallas Can! Academy.  Rosencrans was the director of human
resources, and Altschuler was her supervisor. 
In her petition, Rosencrans alleged that Altschuler was the
second-ranking executive of Texans Can! 
Rosencrans alleged claims of assault and intentional infliction of
emotional distress against Altschuler. 
Rosencrans claimed that Altschuler assaulted her in May or June 2001 at
a high level meeting between executives of Texans Can! and representatives of
outside health insurers who were seeking the contract for Texans Can! employees= health care needs.  Rosencrans alleged that, when she started to
speak at the meeting, Altschuler swung his hand at her in a violent slapping
motion but pulled back the slap before striking her in the face.  Rosencrans further alleged that Altschuler
covered her mouth with his hand and told her that he did not want her to talk
but wanted someone else to talk. 
Rosencrans also alleged that Texans Can! was liable for Altschuler=s acts under respondeat superior and
agency theories. 

Altschuler specially excepted to Rosencrans=s petition, asserting that, as an
employee of an open-enrollment charter school, he was immune from liability for
Rosencrans=s claims
under TEX. EDUC. CODE ANN. '
12.1056 (Vernon Supp. 2004).  Rosencrans
did not amend her claims in response to the special exception.  After a hearing, the trial court granted
Altschuler=s special
exception, struck Rosencrans=s
claims against Altschuler, and entered an order dismissing Altschuler as a
defendant.  Rosencrans did not move the
trial court for time to amend her petition nor does she complain on appeal that
the trial court erred in failing to give her time to amend her petition.      

                                                                  Issue
Presented

In her sole point of error, Rosencrans argues that
the trial court erred in granting Altschuler=s
special exception based on immunity for professional employees of school
districts and charter schools. 
Specifically, Rosencrans asserts that Altschuler is not immune from
liability for the following reasons:  (1)
that Altschuler=s
employer, Texans Can!, is not a school district or a charter school and,
therefore, Section 12.1056 does not apply and (2) that Altschuler=s acts were not incident to or within
the scope of his duties and did not involve the exercise of judgment or
discretion.    

                                                               Standard
of Review








When special exceptions are sustained, the pleader
may either amend the petition or refuse to amend and challenge the ruling on
appeal.  The Butler Weldments
Corporation v. Liberty Mutual Insurance Company, 3 S.W.3d 654, 658
(Tex.App. B Austin
1999, no pet=n); Detenbeck
v. Koester, 886 S.W.2d 477, 479 (Tex.App. B
Houston [1st Dist.] 1994, no writ). When a trial court grants special
exceptions for failure to state a cause of action, we review that issue of law
using a de novo standard of review.  Pack
v. Crossroads, Inc., 53 S.W.3d 492, 497 (Tex.App. B
Fort Worth 2001, pet=n
den=d); The Butler Weldments Corporation
v. Liberty Mutual Insurance Company, supra.  We also must accept as true all material
factual allegations and all factual statements reasonably inferred from the
allegations set forth in the respondent=s
pleadings.  See Sorokolit v.
Rhodes, 889 S.W.2d 239, 240 (Tex.1994). 
If a pleading does not state a cause of action, the trial court does not
err in dismissing the case.  The
Butler Weldments Corporation v. Liberty Mutual Insurance Company, supra.


Immunity 

In his special exception, Altschuler asserted that
he was immune from liability under Section 12.1056.  Section 12.1056 provides as follows:

In matters related to operation of an
open-enrollment charter school, an open- enrollment charter school is immune from
liability to the same extent as a school district, and its employees and
volunteers are immune from liability to the same extent as school district
employees and volunteers.  A member of
the governing body of an open-enrollment charter school or of a charter holder
is immune from liability to the same extent as a school district trustee.

            

Rosencrans argues that Section 12.1056 provides
immunity for employees of Acharter
schools@ but not
for employees of Acharter
holders.@  Therefore, Rosencrans asserts that Altschuler
is not immune from liability for her claims because he was an employee of the Acharter holder,@
Texans Can!, and not an employee of the Acharter
school,@ the
Dallas Can! Academy.  In her petition,
Rosencrans alleged that Altschuler was an employee of Texans Can! and that his
place of employment was the Dallas Can! Academy.     








The clear intent of Section 12.1056 is to provide
immunity A[i]n
matters related to the operation of an open-enrollment charter school@ to the same extent that immunity is
afforded to school district employees and volunteers under TEX. EDUC. CODE ANN.
' 22.0511 (Vernon Supp. 2004).[1]  Thus, a charter school employee who performs
duties that are the same or similar to the duties performed by a traditional
public school employee should be immune from liability to the extent that the
traditional public school employee is immune from liability.  Employees working A[i]n
matters related to operation of [the] charter school@
should receive this immunity, whether they receive their paycheck from the
charter school or the charter holder operating the school.  Otherwise, employees of charter holders
performing the same duties as employees of charter schools and employees of
school districts would not be immune from liability for their acts under
circumstances in which the employees of charter schools and the employees of
school districts would be immune from liability for the same acts.  Given the intent of Section 12.1056, we find
that it covers employees of charter holders operating open-enrollment charter
schools where those employees are engaged in Amatters
related to the operation of an open-enrollment charter school.@

The first issue under Section 12.1056 is whether
Altschuler=s alleged
acts occurred A[i]n
matters related to operation of an open-enrollment charter school.@ 
The alleged assault occurred at a meeting between executives of Texans
Can! and representatives of outside health insurers who were seeking the
contract for Texans Can! employees=
health care needs.  The subject matter of
the meeting B health
insurance for Texans Can! employees B
was a matter related to the operation of open-enrollment charter schools,
including the Dallas Can! Academy. 
Rosencrans does not assert that the matter was not related to the
operation of a charter school.      

Therefore, under Section 12.1056, Altschuler is
entitled to immunity Ato
the same extent as school district employees.@  Section 22.0511(a) provides that: 

A professional employee of a school district is
not personally liable for any act that is incident to or within the scope of
the duties of the employee=s
position of employment and that involves the exercise of judgment or discretion
on the part of the employee, except in circumstances in which a professional
employee uses excessive force in the discipline of students or negligence
resulting in bodily injury to students.   


 








Thus, an employee is immune from liability for acts under Section
22.0511(a) if:  (1) the employee is a
professional employee of a school district; (2) the act was incident to or
within the scope of the employee=s
duties; (3) the act involved the exercise of judgment or discretion on the part
of the employee; and (4) the act was not the use of excessive force in the
discipline of students nor of negligence resulting in bodily injury to
students.   See Foster v.
Estrada, 974 S.W.2d 751, 753 (Tex.App. B
San Antonio 1998, pet=n
den=d).   
The fourth element is not in issue in this case.  Section 22.0511 immunity applies to
intentional tort claims, such as those alleged by Rosencrans against
Altschuler.  Davis v. Education
Service Center, 62 S.W.3d 890, 897 (Tex.App. B
Texarkana 2001, no pet=n)
(intentional infliction of emotional distress claim); Williams v. Conroe
Independent School District, 809 S.W.2d 954, 957 (Tex.App. B Beaumont 1991, no pet=n)(wrongful termination, defamation,
and intentional infliction of emotional distress claims).[2]

            The term Aprofessional
employee of a school district@
includes Aa
superintendent, principal, teacher, including a substitute teacher, supervisor,
social worker, counselor, nurse, and teacher=s
aide employed by a school district.@  TEX. EDUC. CODE ANN. '
22.051 (Vernon Supp. 2004).  In her
petition, Rosencrans alleged that Altschuler was her supervisor.  As a supervisor, Rosencrans falls within the
definition of a Aprofessional
employee@ under
Section 22.051.  See Davis v.
Education Service Center, supra at 896 (A Asupervisor@ at an Education Service Center falls
within the definition of Aprofessional
employee@ under
Section 22.051).          








Altschuler is immune from Rosencrans=s claims if the acts complained of by
Rosencrans were Aincident
to or within the scope of duties of [Altschuler=s]
position@ and Ainvolve[d] the exercise of judgment or
discretion on the part of [Altschuler].@  Section 22.0511.  The meeting about insurance was within the
scope of Altschuler=s duties;
the issue is whether the alleged assault was incident to or within the scope of
his duties.  Rosencrans alleges that
Texans Can! is liable for Altschuler=s
acts Aby agency
and respondeat superior principles.@
Texans Can! could be liable to Rosencrans under a respondeat superior theory
only if Altschuler committed an intentional tort in the course and scope of his
employment.  See Gonzalez v.
Ison-Newsome, 68 S.W.3d 2 (Tex.App. - Dallas 1999), pet=n dism=d,
73 S.W.3d 178 (Tex.2001)(citing Houston Transit Co. v. Felder, 208
S.W.2d 880, 881 (Tex.1948).  An employee
acts within the scope of employment if he acts within his general authority, in
furtherance of the employer=s
business, and to accomplish an objective for which the employee was
employed.  Gonzalez v. Ison-Newsome,
supra (citing Mackey v. U.P. Enterprises, Inc., 935 S.W.2d 446,
453 (Tex.App. B Tyler
1996, no writ).  Thus, by alleging agency
and respondeat superior theories, Rosencrans acknowledged that Altschuler=s alleged acts were within the scope of
his duties.   

In Downing v. Brown, 935 S.W.2d 112, 114
(Tex.1996), the court decided whether the acts of a school teacher were
ministerial or Arequired
the exercise of judgment or discretion.@  The court held that maintaining discipline in
the classroom required the Aexercise
of judgment or discretion,@
and that, therefore, the teacher was immune from liability.  Downing v. Brown, supra.  The court explained that an act is
ministerial A[w]here
the law prescribes and defines the duties to be performed with such precision
and certainty as to leave nothing to the exercise of discretion or judgment.@ 
Downing v. Brown, supra at 114 (quoting City of
Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex.1994)).  Ministerial actions require obedience to
orders or the performance of a duty to which the actor has no choice.  Downing v. Brown, supra.  On the other hand, if an action involves
personal deliberation, decision, and judgment, it is discretionary.  Downing v. Brown, supra.  In her petition, Rosencrans complained of
acts that took place at the meeting with insurance company
representatives.  Rosencrans alleged that
Altschuler assaulted her by covering her mouth with his hand and that
Altschuler Atold her
he did not want her to talk, but wanted someone else to talk.@ Altschuler=s
alleged acts involved Apersonal
deliberation, decision, and judgment.@  Therefore, the acts involved the exercise of
discretion or judgment.

Altschuler is immune from Rosencrans=s claims under Section 12.1056.  The trial court did not err in granting
Altschuler=s special
exception and dismissing Rosencrans=s
claims against him.  Rosencrans=s point of error is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.                                                                      

                                                                                    

TERRY McCALL

JUSTICE

February 26, 2004

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Section 22.0511 was renumbered from
Section 22.051 and amended in 2003.    





     [2]The Texas Supreme Court has not
addressed the issue whether Section 22.0511 immunity applies to intentional
tort claims. The Supreme Court in Collins v. Ison-Newsome, 73 S.W.3d 178
(Tex.2001), determined that it did not have conflicting jurisdiction over an
interlocutory appeal involving the issue of scope of immunity under Section
22.051 (now Section 22.0511).