

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 6, 2003

The Honorable Harold Dutton
Chair, Juvenile Justice and Family Issues
  Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0029

Re: Meaning of "civil liability" in section 791.006(a) of the Government Code, which permits interlocal cooperation contracts for fire department services (RQ-0593-JC)

Dear Representative Dutton:

On behalf of the City of Bedford, your predecessor as Chair of the House Juvenile Justice and Family Issues Committee asked about the meaning of the term "civil liability" as used in section 791.006(a) of the Government Code.[1]

A disagreement between the cities of Fort Worth and Bedford regarding the meaning of "civil liability" in section 791.006(a) prompts this request. *See* Request Letter, *supra* note 1, at 1-2. Fort Worth contracts with several cities, including Bedford, to furnish fire department services and has recently distributed a letter that requires such contracts to include the following language:

> Liability
>
> Pursuant to the terms of [section] 791.006(a), any civil liability arising from the furnishing of fire protection services under this agreement, *including that for personal injury, personnel and/or retirement benefits of the personnel of the responding city, and/or damage to any equipment* furnished by the responding city, shall be borne by the requesting city.[2]

---

[1]*See* Letter from Honorable Toby Goodman, Chair, Juvenile Justice and Family Issues Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Aug. 21, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* Letter from H.L. McMillen, Fire Chief, Fort Worth Fire Department, to Steve Bass, Fire Chief, Bedford Fire Department (Nov. 29, 2001) (on file with Opinion Committee) (emphasis added); *see also* Request Letter, *supra* note 1, at 1.

Bedford disagrees with Fort Worth's view that section 791.006 mandates this broad interpretation of the term "civil liability," and construes the term to exclude "personnel and/or retirement benefits."[3]

Chapter 791, the Interlocal Cooperation Act, authorizes local governments, including cities, to contract with each other, in accordance with the act's requirements, to perform governmental functions and services. *See* TEX. GOV'T CODE ANN. §§ 791.001, 791.011(a) (Vernon 1994 & Supp. 2003). "Governmental functions and services" here include fire protection. *See id.* § 791.003(3)(B) (Vernon Supp. 2003). Section 791.006 imposes on a governmental unit that obtains or requests fire department services "any civil liability" that may arise from providing those services:

> (a) If governmental units contract under this chapter to furnish or obtain the services of a fire department, the governmental unit that would have been responsible for furnishing the services in the absence of the contract is responsible for *any civil liability* that arises from the furnishing of those services.

> (b) In the absence of a contract, if a municipality or county furnishes law enforcement services to another municipality or county, the governmental unit that requests and obtains the services is responsible for *any civil liability* that arises from the furnishing of those services.

> (c) Nothing in this section adds to or changes the liability limits and immunities for a governmental unit provided by the Texas Tort Claims Act, Chapter 101, Civil Practice and Remedies Code, or other law.

*Id.* § 791.006 (emphasis added).

Neither section 791.006 nor another provision in chapter 791 defines "civil liability." On the other hand, neither does that statute restrict the term to a particular kind of damages. The statute provides that the governmental unit that obtains fire department services shall be "responsible for any civil liability that arises from the furnishing of those services." *See id.* § 791.006(a). Furthermore, we have not found any Texas case that construes the term as used in section 791.006.

The Code Construction Act directs that a word or phrase must "be read in context and construed according to the rules of grammar and common usage" unless it has acquired a technical meaning. *Id.* § 311.011 (Vernon 1998). "Civil liability" has a technical or legal meaning. *Black's Law Dictionary* defines "civil liability" as follows: "1. Liability imposed under the civil, as opposed to the criminal, law. 2. The state of being legally obligated for civil damages." BLACK'S LAW DICTIONARY 926 (7th ed. 1999); *accord Port of Longview v. Int'l Raw Materials, LTD.*, 979 P.2d 917, 925-26 (Wash. App. 1999) ("By its plain language [the statute at issue] affords immunity only from 'civil liability,' that is, from the threat of a 'civil action for damages.'"). "An award of damages is defined as the sum of money the law awards as pecuniary compensation, recompense, or satisfaction for an injury done or a

---

[3]*See* Letter from John Murphy, Mayor, City of Bedford, to Honorable Todd Smith, Texas House of Representatives at 2 (July 1, 2002) (on file with Opinion Committee) [hereinafter Bedford Letter]; *see also* Request Letter, *supra* note 1, at 1.

wrong sustained as a consequence of a breach of a contractual obligation or a tortious act." *City of Dallas v. Cox*, 793 S.W.2d 701, 733 (Tex. App.–Dallas 1990, no writ) (citations omitted); *accord* BLACK'S LAW DICTIONARY 393 (7th ed. 1999) (defining "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury.").

One Texas court has construed the term "civil liability" for purposes of statutory immunity to include injunctive relief as well as monetary damages. *See Dallas County Med. Soc'y v. Ubinas-Brache*, 68 S.W.3d 31, 39-40 (Tex. App.–Dallas 2001, pet. denied), *cert. denied*, 535 U.S. 970 (2002). Nothing in the context of section 791.006 indicates that "civil liability" should be read differently from its legal meaning. Chapter 791's stated purpose is to encourage local governments to contract with each other to increase their "efficiency and effectiveness." *See* TEX. GOV'T CODE ANN. § 791.001 (Vernon 1994). And section 791.006(a), on its face, promotes that purpose by protecting the governmental unit that contracts to furnish fire department services from the consequences of legal actions arising from the furnishing of those services. *See id.* § 791.006(a) (Vernon Supp. 2003).

Nothing in section 791.006 indicates that a city cannot, as Bedford suggests, be liable for "personnel and/or retirement benefits" in a civil action. *See* Bedford Letter, *supra* note 3, at 2. Although the Texas Tort Claims Act does not expressly authorize benefit-type damages, it does make a city liable to a limited degree for property damage, personal injury, and death arising from its governmental functions, including fire protection. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.0215(a)(1), 101.023 (Vernon 1997 & Supp. 2003) (pertaining to governmental liability, city liability, and limits on liability). Furthermore, a claim against a city may be based on a statute other than the Texas Tort Claims Act. *See id.* § 101.003 (Vernon 1997) ("The remedies authorized by this chapter are in addition to any other legal remedies."). Section 791.006(a) does not limit "civil liability" to liability under that statute. *See* TEX. GOV'T CODE ANN. § 791.006(c) (Vernon Supp. 2003). A fire fighter employed by a city or the fire fighter's survivors, for instance, may sue the city for workers' compensation benefits for injury to or death of the fire fighter. *See* TEX. LAB. CODE ANN. § 408.001(a) (Vernon 1996) (stating that workers' compensation benefit claim is covered employee's or survivor's exclusive remedy for death or work-related injury); *id.* §§ 504.002, 504.011 (Vernon 1996 & Supp. 2003) (regarding application of general workers' compensation laws to political subdivisions); *see also City of La Porte v. Barfield*, 898 S.W.2d 288, 294 (Tex. 1995) (stating that Labor Code chapter 504's predecessor, "Political Subdivision Law," waived immunity for general compensation claims).

"Civil liability" as used in section 791.006(a) of the Government Code is a broad term that encompasses *any* damages and injunctive relief available in a civil action against a municipality. Chapter 791, by authorizing governmental units to contract with each other for the furnishing of fire department services, implies that the parties are at liberty to specify the breadth of the term "civil liability." Ultimately, therefore, the ambit of the term's meaning is dependent upon the language of the contract. The only express limitation upon its scope is that the liability must arise from the furnishing of the services. We conclude that the term "civil liability" does not necessarily exclude personnel or retirement benefits.

## S U M M A R Y

Under section 791.006(a) of the Government Code, if governmental units contract for fire department services, the governmental unit that would have been responsible for furnishing those services in the absence of the contract "is responsible for any civil liability that arises from the furnishing of those services." TEX. GOV'T CODE ANN. § 791.006(a) (Vernon Supp. 2003). "Civil liability" in section 791.006(a) is a broad term and encompasses any damages and injunctive relief available in a civil action against a city under Texas law, and does not necessarily exclude personnel or retirement benefits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee