**Enrique L. GALLEGOS, Appellant,**

v.

**Lilly G. ESCALON and David Rodriguez, Appellees.**

No. 13–95–248–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 8, 1996.

Rehearing Overruled March 5, 1996.

Richard L. Arnett, Brim, Arnett & Judge, Austin, for appellant.

Jesus Villalobos, Jr., Edinburg, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

**OPINION**

RODRIGUEZ, Justice.

Lilly G. Escalon and David Rodriguez, former school board trustees of Donna Independent School District ("DISD"), filed suit against Enrique L. Gallegos, former DISD superintendent, for defamation and slander, and against First Valley Bank for negligence.[1] Gallegos moved for summary judgment on the basis of official immunity. The

---

1. First Valley Bank does not participate in this appeal yet remains a defendant in the trial court pending the outcome of this appeal.

trial court denied the motion and Gallegos filed this interlocutory appeal. We affirm the trial court's denial of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The dispute stems from Gallegos' claim that Escalon and Rodriguez authorized his procurement of a credit card in the school district's name during his tenure as superintendent. Appellees deny giving Gallegos authorization.

When use of the credit card came into dispute, Gallegos had to respond to inquiries by the school board in a public meeting. Appellees were no longer school board members, and thus did not participate. In response to a question by a school board trustee, Gallegos stated that appellees gave him permission to obtain and use the credit card.

Based on this public statement, Escalon and Rodriguez filed suit for slander and defamation claiming that Gallegos made false statements about them to the public. Gallegos moved for summary judgment claiming official immunity under section 21.912 of the Texas Education Code. Following denial of his motion by the trial court, Gallegos filed this interlocutory appeal which is before this court pursuant to section 51.014(5) of the Texas Civil Practice and Remedies Code.[2]

## SUMMARY JUDGMENT

Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that no issue of material fact exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the nonmovant and will indulge all reasonable inferences and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, he must show that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or that an affirmative defense is established as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (*citing City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)).

■ Gallegos asserted the immunity defense provided in former Section 21.912(b)[3] of the Texas Education Code, which states:

No professional employee of any school district within this state shall be personally liable for any act *incident to or within the scope of the duties of his position of employment,* and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 21.912(b) (Vernon 1994) (emphasis added); *Pierson v. Houston Indep. Sch. Dist.*, 698 S.W.2d 377, 381 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Thus, Gallegos had to conclusively establish (1) that he acted incident to or within the scope of his duties as DISD Superintendent, (2) that his actions involved the exercise of judgment or discretion on his part, and (3) that the action complained of did not involve the use of excessive force in the discipline of students or negligence resulting in bodily injury to students.

Gallegos sought to establish the elements of his defense through his sworn affidavit which states:

2. Section 51.014(5) provides that a person may appeal from an interlocutory order of a district court that denies a summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. A claim of immunity under section 21.912(b) of the Texas Education Code is an assertion that falls within the exception to interlocutory appeals laid out in 51.014(5).

3. Former Section 21.912(b) through (d) were recodified with modification by Section 22.051. Section 21.912(a) remains unchanged and 22.051(a) remains identical in substance to former 21.912(b) except for its revised, gender-neutral language.

My name is Enrique Gallegos. I am over eighteen years of age and fully competent to make this affidavit. I make the following statements on personal knowledge. During July 1994 I was employed and serving as superintendent of Donna Independent School District. At a Board meeting in July 1994 I was asked questions regarding a credit card obtained for the district. Providing information to members of the Board of Trustees in response to their questions was part of my duties as superintendent. Which questions to answer and in what manner involved the exercise of judgment or discretion on my part. I answered the questions regarding the authorization for use of the credit card honestly and to the best of my knowledge.

■■■ Summary judgment may be granted on affidavits from interested parties; but, such affidavit evidence must be clear, positive, direct, credible, free from contradictions, and susceptible of being readily controverted. *Major Inv., Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 166a. Conclusory statements in affidavits are not competent evidence to support a summary judgment. *Hidalgo v. Surety Sav. and Loan Assoc.,* 487 S.W.2d 702, 703 (Tex.1972).

■■■ Appellees challenge Gallegos' affidavit as conclusory. They specifically object to the portion of the affidavit stating that "providing information to members of the Board of Trustees in response to their questions was part of my duties." Appellees claim that insofar as section 21.912(a) of the Texas Education Code requires school board trustees to adopt policies specifying the duties of each of its professional positions of employment, Gallegos has failed to provide proof of his official duties or proof that his actions fell within such duties.

We find that Gallegos' affidavit is conclusory and, at best, a self-serving statement attempting to establish that he acted within the scope of his employment. Self-serving affidavits by school officials which state that their actions were done within their official capacities have been held to be insufficient to support a motion for summary judgment.

*See Stimpson v. Plano Indep. Sch. Dist.,* 743 S.W.2d 944 (Tex.App.—Dallas 1988, no writ).

The affidavit submitted by Gallegos as summary judgment proof does not conclusively establish that his statements were made within the scope of his employment such that he should be entitled to summary judgment. As the movant in a summary judgment action, Gallegos failed to prove all essential elements of his defense as a matter of law; there remains a genuine issue of material fact with respect to his immunity claim.

The trial court's denial of summary judgment is AFFIRMED.