ACCEPTED
03-15-00211-CV
7231959
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 2:55:34 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00211-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 2:55:34 PM
JEFFREY D. KYLE
Clerk

# IN THE
# THIRD COURT OF APPEALS
# AUSTIN, TEXAS

## Douglas W. Kirk v. Plano Independent School District, Et Al

### Original Proceeding from the 22nd District Court,
### The Honorable R. Bruce Boyer, Presiding

## Appellee's Brief

Stephen R. Marsh
David Klosterboer & Associates
1301 E. Collins Boulevard, Suite 490
Richardson, TX 75081
Email: smarsh@travelers.com

*Attorney for Appellee/Defendant*

Page 1

## IDENTITY OF INTERESTED PARTIES

This is not a mandamus matter, but an appeal. As a result, the interested parties include the Defendants, against whom the Plaintiff has not brought this appeal, choosing rather to name the Court as a Respondent without providing proper notice or an appeal in the proper form.

**Appellant/Plaintiff:**                                    **Counsel:**

Douglas W. Kirk                                            Douglas W. Kirk (Pro Se)
                                                          1850 Old Sattler Road
                                                          Canyon Lake, TX  78132
                                                          Telephone:  (830) 237-7313


**Appellee/Defendant:**                                    **Counsel:**

Plano Independent School District,                         Stephen R. Marsh
a governmental entity                                      David Klosterboer & Associates
                                                          1301 E. Collins Boulevard, Suite 490
Nancy Humphrey, sued individually                          Richardson, TX  75081
and in her official capacity as president                  Telephone:  (214- 590-6300
of the board of trustees of the Plano
Independent School District

Anika Vaughan, sued individually
and in her official capacity as a teacher
for the Plano Independent School District

Joseph Parks, sued individually and in
his official capacity as the director of
safety and security for the Plano Independent
School District

Courtney J. Washington, sued individually
and in her official capacity as principal for
Plano Independent School District.

# TABLE OF CONTENTS

INDENTITY OF PARTIES AND COUNSEL    2

TABLE OF CONTENTS    3

TABLE OF AUTHORITIES    4

STATEMENT OF THE CASE    6

STATEMENT REGARDING ORAL ARGUMENT    7

ISSUES PRESENTED    8

STATEMENT OF FACTS    10

SUMMARY OF THE ARGUMENT    14

ARGUMENT    16

CERTIFICATE OF COMPLIANCE    30

PRAYER    31

## TABLE OF AUTHORITIES

Cases                                                                    Page

*Brown v. Ke–Ping Xie*,                                                   16
    260 S.W.3d 118 (Tex.App.-Houston [1st Dist.] 2008, no pet.)

*Catalina Dev., Inc. v. County of El Paso*,                              28,29,
    121 S.W.3d 704 (Tex.2003)                                             30

*City of Corpus Christi v. Eby*, not reported in S.W.3d,                 22
    2011 WL 1437002

*City of McKinney v. Hank's Rest. Group, L.P.*,                         29
    412 S.W.3d 102 (Tex.App.–Dallas 2013, no pet.).

*Combined Specialty Ins. Co. v. Deese*,                                  18
    266 S.W.3d 653, 654-665 (Tex.App.-Dallas 2008, no pet.).

*Gallegos v. Escalon*,                                                   24
    918 S.W.2d 62 (Tex.App.—Corpus Christi 1996)

*Golden v. Austin County Sheriff's Dept.*,                              21
    2009 WL 1835448 (S.D.Tex. Jun 26, 2009)
    (NO. CIV.A.H-09-817)

*Gonzalez v. Ison-Newsome*,                                              25
    68 S.W.3d 2, 5 (Tex.App.-Dallas 1999) pet.
    dism'd w.o.j., 73 S.W.3d 178 (Tex.2001)

*Granada Biosciences, Inc. v. Forbes, Inc.*,                            29
    49 S.W.3d 610, 618 (Tex.App.-Houston
    [14th Dist.] 2001), rev'd on other grounds,
    124 S.W.3d 167 (Tex.2003)

*Hinterlong v. Clements*,                                                24,25
    109 S.W.3d 611 (Tex.App.—Fort Worth 2003

*Mission Consol. Independent School Dist. v. Garcia,*  14,17,
    253 S.W.3d 653 (Tex. 2008)  20,22,
    23,25,
    27

*Tex. Bay Cherry Hill, L.P. v. City of Fort Worth,*  17,22
    257 S.W.3d 379 (Tex.App.- Fort Worth 2008, no pet.).

*Waller County v. Curtis,* Not Reported in S.W.3d,  30
    2006 WL 907773, (Tex.App.-Houston [1 Dist.],2006)

*Zellers v. Cortez,*
    2010 WL 1839280 (Tex.App.-Corpus Christi  19
    May 06, 2010)

Statutes

Civil Practice and Remedies Code 101.103  21,22

Texas Tort Claims Act  8,14,
    16,18,
    19,20,
    21,22

TRAP 45  7,10,
    31

## STATEMENT OF THE CASE

The Plaintiff was told that he could not attend a level 2 hearing by telephone, even though a level 1 hearing can be attended by telephone. [RR 15]. He then abandoned the grievance. [RR 15]. He thus failed to exhaust remedies and instead abandoned them.

The Plaintiff then sued a governmental entity. He also sued several of its employees, each both individually and in their capacity as employees of the governmental entity. He sued generally because he had been identified as a potential threat and as a result a very short internal investigation was held. He basically claims that any time a report is made of possible danger, it is slander for an internal investigation to be made.

He appeals against the Court as Respondent. In an appeal (rather than Mandamus) the Court is not a proper party and the notice of Appeal [RR 164] does not give the Court notice that the Plaintiff/Appellant is bringing an action against the Court as a Respondent. The Appellant's Brief does not address Appellees as parties in the identity of interested parties.

Appellees appear and answer out of an abundance of caution and without waiving the procedural defects.

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary as the case does not leave the boundaries of well settled law. See generally TRAP Rule 45.

## ISSUES PRESENTED (RESTATED)

1. Did the Court err by applying the well-settled law of Texas as to the Tort Claims Act when a suit for defamation is brought against both a governmental entity and its employees in the same action?

2. Did the Court err by following the Texas Supreme Court as to the Tort Claims Act and Independent School Districts when it barred the Plaintiff's cause of action even though it does not involve a motor vehicle?

3. Did the Court err by following the Texas Supreme Court's interpretation that additional remedies under Texas Tort Claims Act means other statutory causes of action and not other torts rather than following the Plaintiff's interpretation that it should allow for suit for torts otherwise barred by the Texas Tort Claims Act?

4. Did the Court err by applying the well-settled law that requires dismissal when a Plaintiff sues an employee of a governmental entity in the same suit as the governmental entity and sues them in their individual and official capacity?

5. Did the Court err by applying well established law that requires an express waiver and that does not allow one by implication?

6. Did the Court err by applying well established law that a waiver-by-conduct claim only applies to performed contracts?

## STATEMENT OF FACTS

Appellant's statement of facts does not follow the record. It also contains no record citations. See TRAP 38.1(f). As a result, a statement of facts by Appellee is required.

Appellant has a long history which begins with officers of the State of Florida investigating his issues and his being accused of stalking Melanie Lauren Smith [5.8 of the Original Petition, RR 8.]. Plaintiff represents himself as her confidant [e.g. 5.12, RR 9].

He was then called by Deputy John Patrick who informed him that charges of stalking had been filed and a report for possible prosecution was underway. [RR 9]. The matter closed when the alleged victim reported to the court that she "feels the issue is resolved." [RR 9].

Mr. Kirk feels that a criminal proceeding before a Court occurred without him being charged. His Statement of Facts at Page 7-8 is thus inaccurate when he claims that he has never been charged as a stalker because his feelings are inaccurate, he was charged and then the case was closed.

Sworn affidavits were filed as to Melanie Smith's mental illness and that "Doug Kirk" had been taking advantage of her. [RR 9-10]. After a hearing with findings made by the finder of fact, Melanie Smith was denied the right to determine the primary residence of the child. [RR 10].

Plaintiff then sent a letter to the Plano ISD about insults sent to Melanie Smith by one of the Defendants and he stated that he was contemplating a libel suit. [Insults are at 5.12 RR 9 and do not include Kirk, the threat of suit is at 5.16, RR 10].

Plaintiff then complains that there was not an investigation before the matter was investigated. [RR 12]. That is, that there was a statement made and that it was forwarded to the head of security to investigate and that somehow there is "a lack of evidence to indicate" that the Defendants "investigated the statements" by the investigation that they conducted. [RR 14]

Ms. Washington sent the letter Mr. Kirk complains of to Mr. Parks to investigate [RR 14] and then Mr. Parks decided to ask about the concerns and investigate them. [RR14]. Apparently Mr. Kirk believes that any security concerns should be vetted with the person whom the concerns are voiced about before any other investigation occurs [RR 14].

He complains that he was accused of threatening revenge [6.2, RR 12] when he had threatened a law suit for slander over insults directed at a third party that did not name him [See above]. He complains of the word "following" when he spends much of his Petition detailing the times he went to Florida or followed Ms. Smith to Florida by insisting that only the penal code definition should apply. After detailing [RR 7-9] his efforts to retrieve Ms. Smith and help her to leave her

husband, including driving to Dallas [5.11 RR 9] and taking her to San Antonio, he complains of the conclusion that he was trying to get Ms. Smith to go anywhere with him.

He complains of the term "stalker" in regards to what he calls the Florida fiasco.

He also complains that while he did attempt to get Ms. Vaughn fired in his sending the insulting text messages and the grievance and threats he made, that she reached that conclusion. [above and RR 13].

He took a level one grievance. For level two, he was informed that he had to attend it in person. [RR 15]. He considered the procedural rules malice. He claims that he was mislead in his statement of facts, while the record reflects that he was clearly told that he had to appear in person and he pled that in the court below. His statements in his brief 9-10 to the contrary are both unsupported and are directly contradicted by the record and his pleadings.

Plaintiff refers to oral arguments without support by a transcript or the record.

A number of his pleadings were not timely filed (e.g. for the hearing on December 14, 2014, the Plaintiff filed a response on December 8, 2014).

The omission of a transcript requires that the Court of Appeals presume that the hearings support the ruling below contrary to the Appellant's position that he is

entitled to establish evidence below on his own dictat without a basis in the record or a transcript. He reverses the burden and the presumptions in his statement of facts.

The trial court followed the law. The case was dismissed.

## SUMMARY OF THE ARGUMENT

Appellees argue that this Court should apply the well-settled law of *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) that when a party sues a governmental entity and its employees in the same cause of action, the party has made a binding election that entitles the employees to be dismissed from the litigation and entitles the entity to have the suit dismissed on the basis of sovereign immunity not waived by the Texas Tort Claims Act.

Taking a position contrary to the Texas Supreme Court, the Appellant argues that the Texas Tort Claims Act exists to make it easier for governmental entities to be sued and that a plaintiff is free to sue governmental entities and employees without regards to the Texas Tort Claims Act if it makes it easier for the plaintiff to recover.    He argues in passing (though not by separate point) that a failure to challenge venue is a waiver of all Texas Tort Claims Act defenses, even those raised in the pleadings.

He argues that any facts that lead to a cause of action a governmental entity might be sued for constitutes a waiver by conduct and thus the same falls outside of the Texas Tort Claims Act. He also argues that the Texas Supreme Court has it wrong and that the concept of waiver by conduct extends beyond contracts and that a waiver does not require express consent.  He argues that a party need have more than public entity status to allege immunity under the Texas Tort Claims Act.

Finally, he alleges that any investigation of allegations constitutes defamation. He proposes a rule that results in any police investigation that does not immediately contact the alleged criminal before any other investigation is completed constitutes actionable defamation by the police.

## ARGUMENT

Reply to issue 1. Did the Court err by applying the well-settled law of Texas as to the Tort Claims Act when a suit for defamation is brought against a governmental entity and its employees?

### Arguments and Authorities

The Plaintiff argues that he is entitled to ignore the Texas Tort Claims Act if he chooses to attempt to pursue a cause of action outside of the Act. He takes the losing argument in *Brown v. Ke–Ping Xie*, 260 S.W.3d 118 (Tex.App.-Houston [1st Dist.] 2008, no pet.). At 120 we have the argument on appeal and the Court's ruling:

> ... the employees and the hospital assert that (1) Xie's original petition asserted a claim for defamation against the hospital and (2) Xie's suit was a suit "under" the Act, which was an irrevocable election by Xie that required the dismissal of the claims against the employees. We conclude that the trial court erred by denying the motion to dismiss the claims against the employees. We reverse the trial court's order and dismiss the employees.

The Court of Appeals then sets out at 121 to 122 that Xie made the same argument that the Appellant makes in our case when he attempts to claim that his claims are not "under the act." [**emphasis** added]

> The hospital and the employees contend that Xie's original petition was a lawsuit that asserted claims brought "under" the Act against both the hospital and the employees and that the trial court had a mandatory duty to dismiss the suit against the employees. See Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e) ( "the employees *shall* immediately be dismissed")(emphasis added). Xie responds that (A) the only petition that should be considered is the amended petition, which is the live pleading; (B)

section 101.106(e) does not apply because the request for an injunction is not a lawsuit against the hospital; and (C) **his suit is not filed "under" the Act because 122 the Act does not waive governmental immunity for defamation.**

The Court of Appeals then went out to explain that the Texas Supreme Court had clearly addressed the issues:

> ... we next turn to the parties' dispute whether the lawsuit for defamation is a lawsuit "under" the Act for purposes of section 101.106. The hospital and employees contend that any tort lawsuit filed against the government is "under" the Act because the only possible relief for the government's tortious acts lies in the Act's limited waiver of immunity. Xie responds that his lawsuit is not "under" the Act because defamation is not a tort for which the Act waives immunity. See Tex. Civ. Prac. & Rem.Code Ann. § 101.057 (Vernon 2005) (stating that Act does not waive immunity for intentional torts).

> The Supreme Court of Texas recently addressed this issue. See *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657–58 (Tex.2008). In *Garcia*, the court of appeals affirmed a trial court's denial of the School District's jurisdictional pleas under section 101.106. *Id.* The court of appeals determined that Garcia's claims were not "under this chapter" because the claims did not fit within the Act's waiver of immunity. *Id.* In rejecting this argument, the Texas Supreme Court concluded,

> Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106.

The bottom line: "Because "all tort theories" are "under this chapter" for purposes of section 101.106, we conclude that section 101.106 does apply to Xie's claims for intentional torts." See also *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379 (Tex.App.-Fort Worth 2008, no pet.).

Page 17

As to Plaintiff's argument made in passing that a failure to challenge venue is a waiver of the merits, he provides no support for the proposition. The law is to the contrary. E.g. *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 654-665 (Tex.App.-Dallas 2008, no pet.). A wavier of a venue contest has no impact on the merits. He also provides no support for his argument made in passing that a lack of the record allows him to establish the record by his sole unsupported dictat rather than the established presumption of the law that the missing record supports the judgment.

A party is not entitled to ignore the limits of the Texas Tort Claims Act to attempt to pursue a cause of action outside of the Act.

## ARGUMENT

Reply to Issue 2. Did the Court err by following the Texas Supreme Court as to the Tort Claims Act and Independent School Districts when it barred the Plaintiff's cause of action when the claim does not involve a motor vehicle?

### Arguments and Authorities

The Plaintiff's argument is that because there is governmental immunity except where waived by the Texas Tort Claims Act, that if the Act does not provide a waiver, he should be able to sue without having to deal with immunity. Thus he claims that the law does not bar any suit he might bring other than one involving motor vehicles. As the courts have stated [**emphasis added**]:

> When a plaintiff sues a governmental entity or official, it must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003); *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 678 (Tex.App.-Corpus Christi 2004, no pet.). Governmental immunity shields a city from liability except to the extent immunity is waived by the Texas Tort Claims Act. See *City of Alton*, 145 S.W.3d at 679; *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.-Houston [1st Dist.] 1995, no pet.). **The Texas Tort Claims Act does not waive immunity for intentional torts.** Tex. Civ. Prac. & Rem.Code Ann. § 101.057(2) (Vernon 2005).[1]

Thus there is no waiver of immunity when the Act does not provide a claim. Immunity in this context is instead automatic. In response, the Plaintiff mistakes

---

[1] Zeller brought "claims for intentional torts-defamation, defamation per se, libel, libel per se, and intentional infliction of emotional distress" and the Court noted "we conclude that Zellers's pleadings affirmatively negate the existence of jurisdiction" Quotes from *Zellers v. Cortez*, 2010 WL 1839280 (Tex.App.-Corpus Christi May 06, 2010) (NO. 13-09-00596-CV)

the burden and the law. The law is that "When a plaintiff sues a governmental entity or official, [the plaintiff] must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity." Immunity is the baseline.

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657–58 (Tex.2008) and the cases that follow it are clear. Plaintiff's argument has been disposed of by well-established law and Plaintiff has provided no reasonable extension of the law or reason to suppose that the Texas Supreme Court will not honor stare decisis and will change the law to the construction the Plaintiff favors.

A claim that does not involve a motor vehicle does not automatically trump the Texas Tort Claims Act and Immunity to allow a suit expressly barred by the law and the Texas Supreme Court's interpretation of the law.

# ARGUMENT

Reply to issue 3. Did the Court err by following the Texas Supreme Court's interpretation as to what the provisions of the Texas Tort Claims Act mean rather than following the Plaintiff's interpretation?

## Arguments and Authorities

The Plaintiff wants to claim that he should be allowed to sue the way he wants as "remedies additional." He interprets Civil Practice and Remedies Code 101.103 to allow him to bring any suit he wants rather than in its traditional interpretation that if there is another statute directly authorizing a claim against the government, that statute is not cut short by the Texas Tort Claims Act.

He also interprets the phrase to allow him to proceed without exhausting remedies.

The Plaintiff's theory was directly addressed by the *Garcia* case above, and by courts that applied *Garcia*. Specifically, as to the Plaintiff's attempts to shoe horn in a claim sounding in tort:

> The *Garcia* court held that although all common-law tort claims are claims filed "under" the Act, the plaintiffs' statutory remedy under the TCHRA was not a suit filed "under" the Texas Tort Claims Act. The Act provides that the remedies it authorizes "are in addition to any other legal remedies." Tex. Civ. Prac. & Rem.Code § 101.003.

*Golden v. Austin County Sheriff's Dept.*, 2009 WL 1835448 (S.D.Tex. Jun 26, 2009) (NO. CIV.A.H-09-817) pointing out that "additional remedies" requires

the existence of another statue (such as the TCHRA), and that 101.103 does not allow a common-law tort claim such as defamation.

Interestingly enough, Appellant's case *City of Corpus Christi v. Eby*, not reported in S.W.3d, 2011 WL 1437002 is a defamation suit against a governmental entity and its employee. In that case the Court held:

> Section 101.106 is an election-of-remedies provision in the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Ann.. § 101.106 (West 2005). Section 101.106 forces a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex.2008). Subsection (e) provides that when both a governmental unit and its employee are sued under the Texas Tort Claims Act, the employee "shall" be dismissed immediately on the governmental unit's filing of a motion [to dismiss]. Tex. Civ. Prac. & Rem. § 101.106(e). Subsection (e) imposes a mandatory duty to dismiss upon a governmental unit's filing of the appropriate motion. See id.; *Villasan v. O'Rourke*, 166 S.W.3d 752, 762–63 (Tex.App.-Beaumont 2005, pet. denied).

> Even an assertion by a plaintiff that it sued a government employee in his individual capacity and not his official capacity does not bar dismissal of the employee under subsection (e), when, as here, the suit against the governmental entity and the employee involve the same subject matter. *Tex. Bay Cherry Hill v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex.App.-Fort Worth 2008, no pet.). A plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually because the decision regarding whom to sue has irrevocable consequences. *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 657.

The Court then concluded:

Having sustained the City's five issues on appeal, (1) we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Anthony Eby, Mary Eby, and Jessica Frenchak's claims against the City for lack of jurisdiction; (2) we reverse the trial court's order denying the City's motion to dismiss Vesely under Civil Practice and Remedies Code section 101.106(e) and pursuant to section 101.106(e), render judgment dismissing Anthony Eby, Mary Eby,FN5 and Jessica Frenchak's claims against Vesely for lack of jurisdiction.

Appellant's short citation of a part of the concurrence in the case fails to disclose that the case supports Appellees. The bottom line to the concurrence is the following:

> Nevertheless, we are bound to follow the supreme court's instruction that all common-law tort claims against the government are subject to the election of remedies scheme in the Tort Claims Act. See *City of Mission v. Cantu*, 89 S.W.3d 795, 809 n. 21 (Tex.App.-Corpus Christi 2002, no pet.) ("As an intermediate appellate court, we are bound to follow the expression of the law as stated by the Texas Supreme Court and leave changes in the law to that court or the legislature.")). Unfortunately, the assumption can generate unjust results that the high Court may not have anticipated-such as here, where Vesely is permitted to sue Eby but Eby is forbidden from countersuing Vesely based on the same underlying facts. I urge the supreme court to clarify or reconsider the applicability of the assumption mandated in *Garcia*, which I submit is inappropriate in the rare case where a counterclaim is brought after a government official initiates suit against a citizen.

All common-law tort claims against the government are subject to the election of remedies scheme in the Tort Claims Act and the rule of "remedies additional" does not work to short circuit that rule.

## ARGUMENT

Reply to issue 4. Did the Court err by applying the well-settled law that applies when a Plaintiff sues an employee of a governmental entity in the same suit as the governmental entity and sues them in their individual and official capacity?

### Argument and Authority

Appellant cites to *Gallegos v. Escalon*, 918 S.W.2d 62 (Tex.App.—Corpus Christi 1996) where the Plaintiff sued only the individual and not the governmental entity, and sued the individual only in their individual capacity, not their official capacity. As a result, *Gallegos* is outside the rule in *Garcia*. *Gallegos* basically draws the line that the Appellant's case had to fit inside of, and points out a line that the Appellant's case falls outside of.

Appellant also cites to *Hinterlong v. Clements*, 109 S.W.3d 611 (Tex.App.—Fort Worth 2003, orig. proceeding) a mandamus case that involves discovery issues. It also involved parties who failed to raise issues until the motion to reconsider on appeal was made. In our case the pleading issues do not exist because the Appellees raised them in the trial court rather than waiting until a motion to reconsider on appeal to raise the issues.

While acknowledging immunity, the Court allowed discovery, *viz.*

> "regardless of his claims against Arlington ISD and Clements, Hinterlong has pleaded cognizable common law claims against both the

tipster and the person or persons who planted the Ozarka water bottle in his vehicle; neither of these parties is entitled to immunity."

As a result, the final ruling was:

"We conditionally grant Hinterlong's petition for writ of mandamus and direct the trial court to vacate its August 24, 2001 order denying Hinterlong's motion to compel the production of evidence regarding the student informant's identity and other relevant information surrounding the crime stoppers tip."

The discovery and procedural issues in *Hinterlong* are not at issue in our case. This is not a case on the scope of discovery or one where the Appellees waited until a motion to reconsider to raise immunity. Instead, this is an appeal from the trial court applying immunity.

The next citation by Appellant is *Gonzalez v. Ison-Newsome*, 68 S.W.3d 2, 5 (Tex.App.-Dallas 1999) pet. dism'd w.o.j., 73 S.W.3d 178 (Tex.2001). It is another case where the Plaintiff did not sue a governmental entity and its employees in the same action and did not allege official capacity. In our case, Appellant sued the governmental entity along with other parties and he alleged causes of action against all parties in their official capacities. He made his election and it is binding.

Because he cites to cases where no election was made, Appellant does nothing with the cases he cites to challenge the application of *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657–58 (Tex.2008). Instead, the

Appellant's cases illustrate the line that he crossed so that he has made an election and is bound by it, with the result that he has lost his claim.

**ARGUMENT**

Reply to point 5. Did the Court err by applying well established law as to the principle of waiver?

<u>Arguments and Authorities</u>

First, the Plaintiff raises insults to a third party that have nothing to do with our case and that are well outside the statutes of limitations. Second, he elides the fact that by his pleadings he made a binding election. Third, he steps outside the record (as noted above) to conclude that he is really suing Nancy Humphry for dismissing his Level 2 grievance when he failed to attend after being told that he was required to attend it or have it heard on submission if he decided not to attend. He fails to address his waiver and his failure to exhaust administrative appeals.

In this argument, Appellant brings no case law to support his claim of waiver and argues facts that do not touch upon the fact that he sued the employees and their employer in the same litigation. Note the issue, raised above, of the lack of a record of the hearings in this case.

Because the issues are conflated by Appellant with issue 6, Appellees will address the law that applies to this waiver argument in responding to issue 6.

**ARGUMENT**

Reply to issue 6. Did the Court err by applying well established law to the Plaintiff as to a waiver-by-conduct claim?

<u>Arguments and Authorities</u>

The Appellant has cited the concept of waiver-by-conduct in a series of cases that apply to contract issues to attempt to raise wavier. The lead case for that concept is *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704 (Tex.2003), a case that deals with contracts in the scope of immunity and that explains the general rule: "Generally, a governmental unit possesses both immunity from liability and immunity from suit. *Id.* When the governmental unit contracts with a private party it waives immunity from liability, but not immunity from suit. *Id.*"

When Appellant cites to *Catalina* he conflates matters by by-passing the bottom line at 704 that an entity "waives immunity from suit only through its express consent." He attempts to create a general rule of waiver by conduct outside of matters involving contracts and without express consent. Yet every citation he quotes at page 35 of his brief consists of contract matters – and contract matters where the Court held that the conduct did not support the concept of waiver-by-conduct.

The well-established law is that the concept of waiver applies only to contract cases where the contract has been fully performed and the governmental entity has decided to keep the benefits but not pay for them.

To quote from *City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102 (Tex.App.–Dallas 2013, no pet.).

> We reject HRG's waiver-by-conduct argument. First, the supreme court has never held that such a doctrine exists, and the court recently emphasized that waivers of immunity generally should be left to the legislature. See *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex.2011). Any judicial abrogation of governmental immunity should be undertaken by the supreme court. See *Leach v. Tex. Tech Univ.*, 335 S.W.3d 386, 401 (Tex.App.-Amarillo 2011, pet. denied) (stating that the existence of waiver-by-conduct doctrine "is a matter for the Supreme Court (or Texas Legislature) to resolve"). Moreover, judicial discussions of the possibility of waiver by conduct seem to have arisen only in the context of breach-of-contract claims. See, e.g., *Sharyland Water Supply Corp.*, 354 S.W.3d at 414; *Catalina Dev.*, 121 S.W.3d at 705; Fed. Sign, 951 S.W.2d at 408 & n. 1. HRG cites only one intermediate appellate decision adopting the waiver-by-conduct doctrine and applying it in favor of a claimant, and that was a breach-of-contract case. *Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 904–08 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). We find no warrant in the limited case law on the subject to apply the waiver-by-conduct doctrine to any legal theory except breach of contract.

Appellant is obviously trying to apply the concept of waiver-by-conduct in a completed contract to a non-contract matter and to one where the Texas Supreme Court as clearly stated that the Tort Claims Act excludes his ability to sue once he sues individuals and the governmental entity in the same suit after a motion to dismiss. He is also trying to apply waiver-by-conduct to a case where there was no actual defamation pled, as defamation requires outside publication. E.g. *Granada*

*Biosciences, Inc. v. Forbes, Inc.*, 49 S.W.3d 610, 618 (Tex.App.-Houston [14th Dist.] 2001), rev'd on other grounds, 124 S.W.3d 167 (Tex.2003).

In addition, Appellant fails to address that the waiver doctrine he is addressing is one that may waive immunity from liability, but still allows immunity from suit. E.g. cases such as *Waller County v. Curtis*, Not Reported in S.W.3d, 2006 WL 907773, (Tex.App.-Houston [1 Dist.], 2006).

> Immunity from liability protects the State unless the State acknowledges liability. Federal Sign, 951 S.W.2d at 405. When the State contracts with a private party, it waives immunity from liability. *Catalina Development, Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003). However, waiver of immunity from liability does not waive immunity from suit. *Little-Tex Insulation*, 39 S.W.3d at 594.

His recapitulation does nothing to take his arguments outside of TRAP 45.

## CERTIFICATE OF COMPLIANCE

Counsel certifies that the applicable word count for this brief does not exceed 15,000 words, the word count being approximately 5,564 words.

## PRAYER

Appellees request that the Court affirm the judgment of the trial court and grant such relief as is appropriate under TRAP 45 or otherwise.

Respectfully submitted

_Stephen R. Marsh_

Stephen R. Marsh
1301 E. Collins Boulevard
Suite 490
Richardson, TX 75081
Telephone 214-570-6292
Facsimile: 214-570-6262
E-Mail: smarsh@travelers.com

*Attorney for Appellee/Defendant*

## CERTIFICATE OF SERVICE

This is to certify that, on this the 5th day of October, 2015, a true and correct

copy of the foregoing document was forwarded to all counsel of record as follows:

| | | |
|---|---|---|
| Douglas W. Kirk, Pro Se | _x_ | E-Service |
| 1850 Old Sattler Road | ___ | Facsimile |
| Canyon Lake, TX 78132 | ___ | Certified Mail, Return Receipt |
| | ___ | Requested |
| *Pro Se Plaintiff* | ___ | Receipted Commercial Delivery |
| | | Regular U.S. Mail |

Stephen R. Marsh